*E-Filed 2/28/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JAMES EARL HARVEY,　　　　　　　　　No. C 12-02523 RS (PR)

　　　　Plaintiff,　　　　　　　　　　　　　**ORDER OF DISMISSAL**

　　v.

T. L. SCOTT, et al.,

　　　　Defendants.
_____/

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion to dismiss this action for failure to exhaust administrative remedies is GRANTED.

## BACKGROUND

In his amended complaint, plaintiff alleged that defendants, Pelican Bay correctional officers T.L. Scott, Sgt. Hallock, Lt. Thompson, and Lt. R.L. Graves, placed him in a "contraband cell" on March 2, 2010, for six hours (during which time he was deprived of his medication for shingles) after he failed to comply with defendants' directions. He asserts that defendants' actions violated his (1) due process right to be free from unlawful detention; (2) Eighth Amendment right to be free from excessive force; and (3) right to receive

adequate medical care. Defendants Hallock and Graves move to dismiss the action because plaintiff failed to exhaust his administrative remedies prior to filing suit.[1] (Docket No. 13.) Plaintiff did not file opposition although given an opportunity to do so.

**DISCUSSION**

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted).

Compliance with prison grievance procedures is all that is required to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act [42 U.S.C. § 1997e], that define the boundaries of proper exhaustion. *Id.* The inmate's grievance must be sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). A grievant must use all steps the prison makes available, enabling the prison to reach the merits of the issue. *Woodford*, 548 U.S. at

---

[1] The summonses for defendants Scott and Thompson were returned unexecuted on April 8, 2013. (*See* Docket Nos. 9 & 10.) Accordingly, they have not yet been served in this action.

1   90. To exhaust administrative remedies properly in California state prisons, inmates must
2   proceed through several levels of appeal: (1) informal level grievance filed directly with any
3   correctional staff member, (2) first formal level appeal filed with one of the institution's
4   appeal coordinators, (3) second formal level appeal filed with the institution head or
5   designee, and (4) third formal level appeal filed with the CDCR director or designee. *See* 15
6   Cal. Code Regs. § 3084.5.

7   The following facts as shown by defendants are undisputed. Between March 2, 2010,
8   the date of the alleged incident, and May 16, 2012, when plaintiff filed the instant action, he
9   submitted nineteen non-medical inmate grievances. (Townsend Decl. at 2.) These
10  grievances involved access to mail and legal services, religious food services, the processing
11  of inmate appeals, and receipt of rules violation reports for gang activity. (*Id.*) Eleven of
12  those grievances were exhausted through the third level of review. (Lozano Decl. at 2.)
13  However, none of these grievances concerned plaintiff's placement in a contraband cell; it
14  does not appear that he submitted such a claim at any level of review. (*Id.*) Plaintiff also
15  submitted three medical inmate grievances during this time period; one was screened out and
16  plaintiff withdrew the other two. (Zamora Decl. at 2.) There is no record that plaintiff
17  submitted any medical grievance involving the denial of proper medical care for shingles
18  during May 2012 at any level of review. (*Id.*)

19  Based on the evidence presented, defendants have shown that plaintiff did not file any
20  grievance involving the claims in this action. Plaintiff has failed to file an opposition
21  showing otherwise. Therefore, plaintiff did not exhaust his administrative remedies and has
22  failed to comply with the PLRA's requirement of "proper exhaustion" under *Ngo*: "Proper
23  exhaustion demands compliance with an agency's deadlines and other critical procedural
24  rules because no adjudicative system can function effectively without imposing some orderly
25  structure on the course of its proceedings." 548 U.S. at 90-91 (footnote omitted). As it is
26  clear that plaintiff did not "properly exhausted" his claims by pursuing all levels of
27  administrative review available to him before filing the instant action, and there is no
28

applicable exception to the exhaustion requirement, defendants' motion to dismiss must be granted.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss (Docket No. 13) is GRANTED.  The action is hereby DISMISSED without prejudice.

Plaintiff's motion to produce documents (Docket No. 21) is DENIED as moot.

The Clerk shall enter judgment in favor of defendants, terminate Docket Nos. 13 & 21, and close the file.

**IT IS SO ORDERED**.

DATED: February 28, 2014

RICHARD SEEBORG
United States District Judge